IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Buenaventura Guzman, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 4008 |
| MRS BPO, LLC, d/b/a MRS Associates, a New Jersey limited liability company, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Buenaventura Guzman, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Buenaventura Guzman ("Guzman"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt owed for a Chase Bank credit card, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinics' Legal Advocates for Consumers in Debt program ("LACD"), located in Chicago, Illinois.

4. Defendant, MRS BPO, LLC, d/b/a MRS Associates ("MRS"), is a New Jersey limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant MRS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant MRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant MRS is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, MRS conducts business in Illinois.

6. Defendant MRS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, MRS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Guzman has limited assets and income, and fell behind on paying his bills, including a debt he owed for a Chase Bank credit card. When MRS began trying to collect this debt from Mr. Guzman, by sending him a collection letter, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LACD program, regarding his financial difficulties and Defendant MRS's collection actions.

8. Accordingly, on December 21, 2010, one of Mr. Guzman's attorneys at LACD informed MRS, in writing, that Mr. Guzman was represented by counsel, and directed MRS to cease contacting him, and to direct all further collection activities to his attorneys at LACD, because Mr. Guzman was forced, by his financial circumstances, to

try and negotiate a payment plan as to his unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit C.  Thereafter, Defendant MRS agreed to accept $120 per month from Mr. Guzman to be paid through his Chicago, Illinois based attorneys at LACD and payments were, in fact, made by LACD on behalf of Mr. Guzman to MRS.

9. Nonetheless, Defendant MRS sent collection letters, dated April 11, 2011 and May 11, 2011, directly to Mr. Guzman, which demanded payment of the Chase Bank debt.  Copies of these letters are attached as Group Exhibit D.

10. Defendant MRS's collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendant MRS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

14. Here, the letter from Mr. Guzman's, attorney/agent, LACD, told Defendant MRS to cease communications with Mr. Guzman (Exhibit C).  By continuing to communicate regarding this debt with Mr. Guzman, and demanding payment from him (Group Exhibit D), Defendant MRS violated § 1692c(c) of the FDCPA.

3

15. Defendant MRS's violations of § 1692c(c) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant MRS knew that Mr. Guzman was represented by counsel in connection with his debts because his attorneys at LACD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant MRS to cease directly communicating with him. By directly sending Mr. Guzman collection letters (Group Exhibit D), despite being advised that he was represented by counsel, Defendant MRS violated § 1692c(a)(2) of the FDCPA.

19. Defendant MRS's violations of § 1692c(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Buenaventura Guzman prays that this Court:

1. Find that Defendant MRS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Guzman, and against Defendant MRS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Buenaventura Guzman, demands trial by jury.

Buenaventura Guzman,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: June 13, 2011

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com